UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

VANDYKE JOHNSON,

                Plaintiff,

      -against-

CITY OF NEW YORK,
COMMISSIONER OF THE NYPD or his successor;
P.O. DANIELLE WUBNIG, shield no. 23048,
in her professional and personal capacity;
NEW YORK UNIVERSITY;
Dean of SCPS ROBERT LAPINER;
NYU Investigations Manager PATRICK WING;
NYU Public Safety Admin. ROBERT HUGHES;
NYU Public Safety, RORY DEEGAN;
NYU Student Affairs THOMAS GRACE

                Defendants.

------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/12/09

08 Civ. 5277 (SHS)

OPINION & ORDER

SIDNEY H. STEIN, U.S. District Judge.

    Plaintiff Vandyke Johnson, a former graduate student at New York University ("NYU"), brings this action against the school and a number of its employees (collectively, "NYU defendants") as well as against the City of New York, the Commissioner of the New York City Police Department, and Police Officer Danielle Wubring (collectively, "City defendants") raising claims pursuant to 42 U.S.C. §§ 1981, 1983, 1985-88 and New York state law. Principally, Johnson contends that he was falsely arrested at an NYU gymnasium and maliciously prosecuted based on "bogus" allegations of larceny, charges of which he was ultimately acquitted at trial. The complaint seeks monetary damages from the City and from NYU.

The NYU defendants have now moved to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) contending that all of Johnson's federal claims fail as a matter of law and that the Court should decline to exercise supplemental jurisdiction over the state law claims.[1] Because the Court concludes that none of Johnson's federal claims states a plausible claim to relief with respect to the NYU defendants, the motion to dismiss those claims pursuant to Rule 12(b)(6) is granted. However, because the Court retains jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367, defendants' motion to dismiss the state law claims is denied.

I.  BACKGROUND

Unless otherwise noted, the following facts are taken from the amended complaint ("complaint") and are presumed to be true.

A.  The Parties

Plaintiff Vandyke Johnson was, as of August 2006, a graduate student at NYU. (Am. Compl. at I.A.)

Defendant Robert Lapiner was at all relevant times the Dean of NYU's School of Continuing Professional Studies, Patrick Wing was an NYU Public Safety Investigation Manager, Robert Hughes was an NYU Public Safety Administrator, and Thomas Grace is simply identified as "NYU Student Affairs." (Id.) Defendant Rory Deegan was, at all relevant times, employed by NYU as part of its public safety division. (Id.) Also sued are Danielle Wubnig, a New York City Police Officer, as well as the Commissioner of the N.Y.P.D. and the City of New York. (Id.)

---

[1] The NYU defendants' motion is styled as one to dismiss the state law claims for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). However, as set forth below, the Court has supplemental jurisdiction over the claims pursuant to 28 U.S.C. § 1367. Accordingly, the Court construes the NYU defendants' motion as one requesting that it exercise that discretion to decline to hear Johnson's state law claims.

2

B. Johnson's Arrest and Prosecution

This action stems from plaintiff's arrest by the N.Y.P.D. on August 23, 2006 at NYU's Coles Sports Center on charges of larceny. (Id. at III.C.) According to the complaint, Johnson was in the locker room of the sports center when Deegan approached him, claiming to have seen Johnson standing in front of Deegan's open locker and holding Deegan's wallet. (Id.) Deegan, who himself was a member of the NYU public safety division, informed the NYU Public Safety Administrator, Robert Hughes, of what he had seen, and Hughes in turn called the police. (Id.)

According to the complaint, Police Officer Wubnig responded to the call and, on the basis of Deegan's statement, placed Johnson under arrest. Johnson contends that statement was false—Deegan "lied" when he stated he had seen Johnson holding his wallet. Moreover, Johnson alleges that both NYU safety officials and the police officers on the scene ignored the contrary statements of another witness, Molain Saintilus, an employee and graduate student at NYU, who was present at the time of the alleged larceny and "personally vouched for" Johnson. (Id.)

As a result of the arrest, Johnson was incarcerated and prosecuted but was ultimately acquitted at trial. However, despite being acquitted, Johnson was not allowed to return to NYU as a student, and, according to the complaint, was "declared 'Persona Non Grata'" by Dean Robert Lapiner "without a hearing." (Id. at IV.)

C. The Present Action

In June 2008, Johnson commenced this action by filing a complaint naming NYU, Deegan, Nubnig, Hughes, Grace, the City of New York, and the NYPD as defendants. On March 20, 2009, with a motion to dismiss already pending, Johnson filed an amended

3

complaint adding defendants "Commissioner of N.Y.P.D," Lapiner, and Wing, and dropping a number of the factual allegations and state law claims contained in the original complaint.

The complaint raises claims pursuant to 42 U.S.C. §§ 1981, 1983, 1985-88 and state law, and alleges, principally, that "[p]laintiff was conspired against to be falsely arrested, incarcerated and maliciously prosecuted." (Id. at IV.) The complaint further alleges that Johnson was "denied Due Process of Law by NYU Dean Robert Lapiner, who held the plaintiff, declared 'Persona Non Grata' without a hearing." (Id.)

As a result, Johnson claims he has "experienced pain, suffering, mental anguish, loss of education, personal belonging, loss of affection" and has had to spend time "defending [him]self against bogus charges." (Id.) Johnson seeks damages in the amount of $150 million from the City of New York for "false arrest, incarceration, and being maliciously prosecuted" and $150 million from the NYU defendants for "the conspiracy to deny [Johnson] Due Process of Law in violation of 42 U.S.C. [§§] 1981, 1983, 1985, 1986, 1987 and 1988." (Id. at V.)

The NYU defendants have now moved to dismiss all of the federal claims pursuant to Rule 12(b)(6), contending none states a claim upon which relief can be granted. To the extent the complaint can be read to assert additional, state law claims, defendants ask this Court to decline to exercise supplemental jurisdiction over them.

II. DISCUSSION

    A. The Motion to Dismiss Standard

On a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court assumes the truth of all facts asserted in the complaint and draws all reasonable inferences from

4

those facts in favor of the plaintiff. See Global Network Commc'ns, Inc. v. City of New York, 458 F.3d 150, 154 (2d Cir. 2006); S.E.C. v. Lyon, 529 F. Supp. 2d 444, 449 (S.D.N.Y. 2007). Where, as here, a plaintiff proceeds pro se, the Court has a special obligation to construe the pleadings liberally, reading them to raise "the strongest arguments that they suggest." McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (citation and internal quotation marks omitted).

However, to survive a motion to dismiss, even a pro se plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp v. Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, -- U.S. --, 129 S.Ct. 1937, 1950 (2009). For a claim to be plausible, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Thus, if a plaintiff "ha[s] not nudged [its] claims across the line from conceivable to plausible, [its] complaint must be dismissed." Id.

B. The Section 1981 Claim

Section 1981, which provides, in pertinent part, that "all persons . . . shall have the same right . . . to the full and equal benefit of all laws . . . as is enjoyed by white citizens," 42 U.S.C. § 1981(a), prohibits "intentional racial discrimination" by either public or private actors. Brown v. City of Oneonta, 221 F.3d 329, 339 (2d Cir. 2000); see also Patterson v. County of Oneida, 375 F.3d. 206, 226 (2d Cir. 2004) (collecting cases).

Accordingly, to establish a claim pursuant to 42 U.S.C. § 1981, "a plaintiff must allege facts supporting the following elements: (1) plaintiffs are members of a racial minority; (2) defendants' intent to discriminate on the basis of race; and (3) discrimination concerning one of the statute's enumerated activities." Brown, 221 F.3d

at 339 (citing Mian v. Donaldson, Lufkin & Jenrette Sec. Corp., 7 F.3d 1085, 1087 (2d Cir. 1993) (per curiam)).

Read broadly and in the light most favorable to Johnson, the complaint alleges that Deegan falsely accused Johnson of larceny and that he and the NYU defendants then conspired to have Johnson wrongfully arrested, prosecuted, and dismissed as a student.[2] However, the complaint does not identify the race of either the plaintiff or any of the defendants, nor does it make any reference to alleged racial discrimination, let alone intentional racial discrimination. On its face, thus, the complaint fails to allege the necessary elements of a section 1981 claim.

For the first time in his opposition papers, however, plaintiff contends that he is African American and that "all the defendants [are of] Caucasian or Asian descent." (Def.'s Mem. of Law in Opp. to Mot. to Dismiss at 6.) Johnson would thus have the complaint read to allege that Deegan wrongfully accused Johnson of larceny because he is African American, and that the NYU defendants then conspired to have Johnson arrested, prosecuted, and dismissed as a student on the basis of his race.[3]

Even assuming the Court were to consider the additional allegations, which, as noted, were not contained in the complaint, they would nonetheless be insufficient

---

[2] While the complaint accuses all defendants of engaging in the conspiracy, it only makes specific factual allegations regarding the involvement of Deegan, who allegedly "lied" in his statement to the police, Hughes, who allegedly "notified . . . NYPD 6th precinct" of the larceny, and Lapiner who "held the plaintiff, declared 'persona non grata' without a hearing." (Am. Compl. at III.C, IV.) The complaint makes no specific factual allegations respecting the involvement of Wing and Grace and therefore fails to state a plausible claim with respect to either of them. See Patterson v. County of Oneida, 375 F.3d 206, 209 (2d Cir. 2004) ("In order to make out a claim for individual liability under § 1981, 'a plaintiff must demonstrate some affirmative link to causally connect the actor with the discriminatory action.... Personal liability under section 1981 must be predicated on the actor's personal involvement.'") (quoting Whidbee v. Garzarelli Food Specialities, Inc., 223 F.3d 62, 75 (2d Cir. 2000)).

[3] In a separate letter to the Court submitted after the present motion was fully briefed, Johnson purports to add the factual allegation that "NYU defendants . . . would not have ignored the witness, Molain Saintilus, if he was a white male." (Letter from Vandyke Johnson to Hon. Sidney H. Stein dated June 12, 2009.) Because that allegation, which was not in the complaint, does not affect the disposition of this motion, the Court takes note of it but does not address it further.

because it is "well established" that, to survive a motion to dismiss, a plaintiff bringing a section 1981 claim must allege with specificity "circumstances giving rise to a plausible inference of racially discriminatory intent." Yusuf v. Vassar Coll., 35 F.3d 709, 713 (2d Cir. 1994). "Conclusory allegations" of racially motivated animus are insufficient. Id. see also Williams v. N.Y. City Housing Auth. & Local 237, No. 05 Civ. 2750, 2007 U.S. Dist. LEXIS 91134, at *12 (S.D.N.Y. Dec. 3, 2007).

Here, Johnson identifies no such circumstances and pleads no facts giving rise to any inference of racially discriminatory intent. The mere fact that plaintiff and defendants are of different races, standing alone, is simply insufficient as a factual pleading to allege racially motivated discrimination for purposes of a plausible section 1981 claim. See Yusuf, 35 F.3d at 714 (dismissal appropriate for "lack of any specific factual support for his claim of a racial motivation" where "[plaintiff] has offered no reason . . . other than his assertion that [defendants] were white and that he is Bengali").

Accordingly, the complaint fails to state a plausible claim to relief pursuant to 42 U.S.C. § 1981, and the NYU defendants are entitled to a dismissal of that claim.

C. The Section 1983 Claim

To state a claim pursuant to section 1983, a plaintiff must show (1) the deprivation of rights, privileges, or immunities secured by the constitution and laws (2) by a person acting under color of state law. 42 U.S.C. § 1983. The second element requires a plaintiff to allege not only that he suffered a constitutional injury but that "he was injured by either a state actor or a private party acting under color of state law." Ciambriello v. County of Naussau, 292 F.3d 307, 323 (2d Cir. 2002); see also United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., 941

7

F.2d 1292, 1295-96 (2d Cir. 1991) ("Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action.'") (citations omitted).

Here, the complaint can be read to allege that the NYU defendants, all of whom are private parties, deprived Johnson of his constitutional rights while acting "under color of law," because, according to the complaint, the NYU defendants conspired with state actors—e.g., defendants Police Officer Wubnig, the New York Police Commissioner, and the City of New York—to cause Johnson to be "falsely arrested, incarcerated, and maliciously prosecuted." (Am. Compl. at IV.)

For a private party's activities to amount to "state action" for purposes of a section 1983 claim, a plaintiff must establish "a sufficiently close nexus between the State and the challenged action of the [private] entity so that the action of the latter may be fairly treated as that of the State itself." Tancredi v. Metro Life Ins. Co., 378 F.3d 220, 229 (2d Cir. 2004) (quoting Jackson v. Metro. Edison Co., 419 U.S. 345, 351, 95 S. Ct. 449, 42 L. Ed. 2d 477 (1974)). "A merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity." Ciambriello, 292 F.3d at 324. Rather, a plaintiff must allege that the private entity and state actors "carried out a deliberate, previously agreed upon plan," or that their activity "constitute[d] a conspiracy or meeting of the minds." Dahlberg v. Becker, 748 F.2d 85, 93 (2d Cir. 1984); see also id. (allegation that the private actors merely acted "in concert with state and county officials to imprison plaintiff" insufficient to establish state action).

8

Here, the complaint fails to plausibly allege that the NYU defendants engaged in state action because it contains no factual allegations to support a finding of any significant nexus between the State and the challenged action of NYU, let alone a "meeting of the minds" between the NYU defendants and the state actors to violate Johnson's constitutional rights. According to the complaint, the only alleged interactions between the NYU defendants and the state actors involved (1) Hughes' decision to "notif[y] . . . NYPD 6th precinct," and (2) Deegan's false statement to police officer Wubnig that "he saw plaintiff at a[n] open locker with his wallet in plaintiff's hands." (Am. Compl. at III.C.) Those allegations, even if proven, would be insufficient to state a claim because it is well established that merely "furnishing information to the police 'does not by itself make [someone] a joint participant in state action under Section 1983." Valez v. City of New York, No. 08 Civ. 3875, 2008 U.S. Dist. LEXIS 101709, at *9 (S.D.N.Y. Dec. 16, 2008) (collecting cases).

Absent additional specific factual allegations in support of a finding that the NYU defendants acted in concert with state actors, Johnson cannot establish that the NYU defendants were acting under color of law—a critical element of a section 1983 action. The complaint, thus, fails to state a plausible claim to relief pursuant to 42 U.S.C. § 1983 and must be dismissed.

D. The Section 1985 Claim

Section 1985 prohibits conspiracies to deprive individuals of civil rights. To state a claim pursuant to subdivision 3 of section 1985, which is the only subdivision of relevance here, a plaintiff must allege: (1) a conspiracy; (2) for the purpose of depriving any person or class of persons of equal protection of the laws, or of equal privileges and

9

immunities under the laws; (3) an act in furtherance of the conspiracy; (4) and that a person is thereby either injured in his person or property or deprived of any right of a citizen of the United States. United Bhd. of Carpenters, Local 610 v. Scott, 463 U.S. 825, 828-29 (1983); Britt v. Garcia, 457 F.3d 264, 269 n.4 (2d Cir. 2006). Moreover, a plaintiff must further allege that the conspiracy was motivated by "some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action." Scott, 463 U.S. at 829.

Here, the allegations contained in the complaint are insufficient to state a plausible claim for two reasons: first, the complaint fails to plausibly allege the existence of a conspiracy, either between the NYU defendants and the state actors, or among the NYU defendants themselves. As discussed above, the complaint provides no specific factual allegations to support a finding that a conspiracy existed between the NYU defendants and the state-actor defendants. With respect to a conspiracy among the various NYU defendants, the complaint is similarly deficient, making no specific factual allegations respecting a meeting of the minds, specific communications between the NYU defendants, or even concerted activities or coordinated efforts between them. A bare assertion that a conspiracy existed, unsupported by any specific factual allegations, is itself insufficient to state a plausible claim to relief. See Mass v. McClenahan, 893 F. Supp. 225, 231 (S.D.N.Y. 1995) ("[A] plaintiff must do more than make vague, general or conclusory accusations in order to establish the existence of a conspiracy actionable under § 1985(3).") (citation omitted).

Second, even assuming Johnson could allege the existence of a conspiracy, the complaint would nonetheless be insufficient because it does not allege that the conspiracy

was motivated by "some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action." Scott, 463 U.S. at 829. As discussed with respect to Johnson's section 1981 claim, the complaint fails to allege any facts in support of an inference of animus based on race, and neither the complaint nor any of Johnson's additional court filings identify any other "class-based, invidious discriminatory animus" sufficient to state a plausible claim pursuant to section 1985. See Gyadu v. Hartford Ins. Co., 197 F.3d 590, 591 (2d Cir. 1999) ("Vague references to some conspiracy and hints at some tenuous link between this conspiracy and the fact that plaintiff was [of a certain race] are insufficient to state a claim for conspiracy to deprive plaintiff of his civil rights.").

The complaint therefore fails to state a plausible claim to relief pursuant to section 1985(3).

E. The Section 1986 Claim

Pursuant to section 1986, liability is imposed on an individual who has knowledge of wrongs prohibited under 42 U.S.C. § 1985. Hence, a section 1986 claim is contingent on the existence of a valid section 1985 claim. See Dwares v. New York, 985 F.2d 94, 101 (2d Cir.1993) ("Liability under § 1986 . . . is dependent on the validity of a claim under § 1985.") (citation omitted); see also Graham v. Henderson, 89 F.3d 75, 82 (2d Cir. 1996).

Since this Court has already determined that Johnson fails to state a valid claim pursuant to section 1985, his section 1986 claim must also be dismissed.

F. The Section 1988 Claim[4]

Section 1988 vests a district court with discretion to award a prevailing party "a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). Because Johnson is not a prevailing party, he is not entitled to costs or fees, and his claim pursuant to section 1988 is therefore dismissed.

G. State Law Claims

Read most broadly and in the light most favorable to Johnson, the complaint can also be construed to raise New York state law claims for false arrest and malicious prosecution against all of the defendants. The NYU defendants contend that the Court should dismiss those claims pursuant to Rule 12(b)(1) for lack of subject-matter jurisdiction because none of Johnson's federal claims survive with respect to the NYU defendants.[5]

Pursuant to 28 U.S.C. § 1367, a federal court may exercise supplemental jurisdiction over any state law claims that are "so related" to claims over which that court has original jurisdiction that they form part of the "same case or controversy." 28 U.S.C. § 1367(a). Here, Johnson's state law claims are based on all of the same factual allegations and involve all of the same parties as Johnson's federal claims, thus forming part of the same "case or controversy" and affording this Court supplemental jurisdiction over them.

---

[4] While the complaint also purports to bring a claim pursuant to 42 U.S.C. § 1987, that section authorizes federal prosecutors to "institute prosecutions against all persons violating any of the provisions" of the federal criminal code. To the extent the complaint seeks to state a claim pursuant to section 1987, that claim is also dismissed.

[5] While plaintiff contends this action falls within this Court's diversity jurisdiction, the complaint itself alleges that Johnson and the overwhelming majority of defendants are all New York residents. (Am. Compl. I.A-B.)

12

That Johnson's federal claims have now been dismissed with respect to the NYU defendants does not, at this time, strip the Court of its supplemental jurisdiction over the state law claims. While section 1367(c) gives a district court discretion to decline to hear state law claims if "the district court has dismissed all claims over which it has original jurisdiction," that discretion may only properly be exercised where no claims over which it has original jurisdiction remain against any defendant in the action. See Hansen v. Bd. of Trustees of Hamilton, 551 F.3d 599, 608 (7th Cir. 2008); see also 16 Moore's Fed. Practice § 106.66 (Matthew Bender 3d ed.) (collecting cases). Here, Johnson's federal claims remain extant against the City defendants, the Court has original jurisdiction over those claims, and thus, the Court has no discretion to decline to hear Johnson's state law claims against the NYU defendants.

H. Leave to Amend

On June 4, 2009, with the pending motion already fully briefed, Johnson filed a motion to amend the complaint a second time to add, in relevant part,[6] Carl Villanueva, NYU's Assistant Athletic Director, as a defendant. According to Johnson, Villanueva served as the primary complainant in the NYU disciplinary proceedings despite the fact that Villanueva "had no involvement in the case and was going by hearsay information." (Letter from Vandyke Johnson to Hon. Sidney H. Stein dated June 4, 2009.) Defendants oppose the motion.

As a general rule, "[l]eave to amend should be freely granted." Jin v. Metropolitan Life Ins. Co., 310 F.3d 84, 101 (2d Cir. 2002). However, a district court has broad discretion to deny leave to amend the complaint if "there is a good reason for

---

[6] Johnson's motion also seeks to add Detective Al Bruno of the N.Y.P.D. The Court will address that aspect of the motion in conjunction with the City defendants' recently filed motion for summary judgment.

13

it, such as futility, bad faith, undue delay, or undue prejudice to the opposing party." Id. In particular, "where the plaintiff is unable to demonstrate that he would be able to amend his complaint in a manner which would survive dismissal, opportunity to replead is rightfully denied." Hayden v. County of Nassau, 180 F.3d 42, 53 (2d Cir. 1999).

Here, Johnson, who has already amended the complaint once to add additional defendants, has not demonstrated that his proffered amendment adding Villanueva would in any way cure the defects limned above or allow his federal claims to survive dismissal. Specifically, adding Villanueva would not cure the absence of a plausibly alleged, race-based conspiracy necessary to state claims pursuant to sections 1981 or 1985, nor would it overcome the absence of "state action" on the part of the NYU defendants sufficient to state a claim pursuant to section 1983 against them.

Moreover, allowing the amendment would be unduly prejudicial to defendants who have already had to refile and rebrief their motion to dismiss once to accommodate Johnson's last amendment. Johnson offers no reason for his failure to include Villanueva in either the original or the amended complaint, conceding that he simply "neglected to add" him, and accordingly, Johnson's motion to amend—insofar as it seeks to add Carl Villaneuva as a defendant—is denied.

III.  CONCLUSION

Because none of Johnson's federal claims states a plausible claim to relief with respect to the NYU defendants, the motion to dismiss those claims pursuant to Rule 12(b)(6) is granted. However, because the Court is currently retaining jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367, defendants' motion to dismiss the state

law claims is denied. Finally, Johnson's motion to further amend the complaint is denied insofar as it seeks to add Carl Villaneuva as a defendant.

Dated: New York, New York
      November 12, 2009

SO ORDERED:

Sidney H. Stein, U.S.D.J.