```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/12/09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
                               :

VANDYKE JOHNSON,                    :

                   Plaintiff,      :

                               :

                -against-        :      08 Civ. 5277 (SHS)

                               :

CITY OF NEW YORK,             :      ORDER
COMMISSIONER OF THE NYPD or his successor; :
P.O. DANIELLE WUBNIG, shield no. 23048,  :
in her professional and personal capacity;   :
NEW YORK UNIVERSITY;            :
Dean of SCPS ROBERT LAPINER;      :
NYU Investigations Manager PATRICK WING;  :
NYU Public Safety Admin. ROBERT HUGHES;   :
NYU Public Safety, RORY DEEGAN;     :
NYU Student Affairs THOMAS GRACE     :

                               :

                 Defendants.     :

                               :

-----------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

     By separate Order & Opinion dated November 12, 2009, this Court has granted

the motion of defendants New York University, Robert Lapiner, Patrick Wing, Robert

Hughes, Rory Deegan, and Thomas Grace (collectively, the "NYU defendants") to

dismiss plaintiff Vandyke Johnson's federal claims.  Still remaining in this action with

respect to the NYU defendants are plaintiff's state law claims for false arrest and

malicious prosecution.  Those same state law claims also remain with respect to the

defendants the City of New York, "Commissioner of NYPD," and P.O. Danielle Wubnig

(collectively, the "City Defendants").

Pursuant to New York law, the statute of limitations for a claim of either malicious prosecution or false arrest is one year.  N.Y. C.P.L.R. § 215(3).  Any claim for false arrest must be brought within one year of the date upon which the confinement terminates, see Mejia v. City of New York, 119 F. Supp. 2d 232, 234 (S.D.N.Y. 2000) (citations omitted), while a claim for malicious prosecution must be brought within one year of the favorable termination of the underlying criminal proceeding.  See Syllman v. Nissan, 794 N.Y.S.2d 351, 352 (1st Div. 2005); see also Roche v. Vill. Of Tarrytown, 766 N.Y.S. 2d 46, 46 (2d Div. 2003).

According to documents submitted by plaintiff in conjunction with his opposition to the defendants' motion to dismiss, Johnson was acquitted on May 9, 2007 and was released from prison on or about the same day.  However this action was not commenced until June 10, 2008—more than one year later.

Accordingly, IT IS HEREBY ORDERED that plaintiff is to show cause in writing on or before November 26, 2009 why his state law claims against all defendants for false arrest and malicious prosecution should not be dismissed as untimely.

Dated: New York, New York
      November 12, 2009

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.